IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WORLD FUEL SERVICES, INC. | § |
| | § |
| *Plaintiff*, | § |
| | § |
| v. | § CIVIL ACTION NO. _____ |
| | § |
| POLSINELLI, P.C., | § |
| | § |
| | § |
| *Defendant.* | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff World Fuel Services, Inc. ("*Plaintiff*" or "*WFS*"), by and through its undersigned counsel, and in support of its Original Complaint against Defendant Polsinelli, P.C. ("*Defendant*" or "*Polsinelli*") alleges as follows:

## PARTIES

1. Plaintiff World Fuel Services, Inc. is a Texas corporation with its principal place of business at 9800 NW 41st St., Ste. 400, Miami, FL 33178.

2. Defendant Polsinelli, P.C. is a Missouri corporation with its principal place of business at 700 West 47th St., Ste. 1000, Kansas City, MO 64112. Defendant Polsinelli may be served by serving its registered agent, National Registered Agents, Inc., at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

## NATURE OF ACTION

3. This is an action for negligence by an attorney under Texas law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. As alleged herein, Plaintiff and Defendant are citizens of separate states and the amount in controversy exceeds $75,000.00.

5. The Court has personal jurisdiction over Defendant because Defendant has established minimum contacts in Texas by operating business from offices in Texas and conducting certain portions of the legal work that gives rise to this action in Texas. The exercise of personal jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(c)(2).

## FACTUAL BACKGROUND

### A. The Underlying Lawsuit

7. WFS is in the business of providing aviation fuel and related services to a variety of entities, including historically Evergreen Helicopters, Inc. ("*Helicopters*"), the predecessor to Erickson Helicopters, Inc. ("*Erickson*") and Evergreen Airlines ("*Airlines*").

8. Starting in approximately 2010, Airlines began having financial difficulties and stopped making timely and full payments to WFS. Initially, the parties were able to reach agreements on payment plans; however, Airlines kept defaulting on its obligations to WFS.

9. In March 2012, Airlines, Helicopters, and WFS entered into a "Repayment Agreement", whereby (i) Airlines and Helicopters acknowledged the

debt owed to WFS, (ii) both Airlines and Helicopters memorialized their request that WFS continue to provide fuel under past bulk sales agreements, and (iii) WFS agreed to continue supplying fuel to Airlines and Helicopters.

10. By late April 2012, Airlines' ability to meet its commitments under the Repayment Agreement became questionable. In exchange for WFS agreeing to continue to supply fuel on credit, certain other Evergreen entities provided guarantees to WFS.

11. On May 4, 2012, Helicopters and Evergreen Agricultural ("*Agricultural*") entered into a "Continuing Guaranty" with WFS whereby Helicopters and Agricultural guaranteed repayment of Airlines' obligations to WFS. The Continuing Guaranty carried an 18% annual interest rate and allowed for recovery of attorneys' fees associated with any action taken to collect under the guaranty.

12. In March 2013, Helicopters was sold to Erickson. In December 2013, Airlines and certain of its subsidiaries filed chapter 7 bankruptcy petitions in the District of Delaware (the "*Delaware Bankruptcy Proceedings*").

13. As of October 17, 2013 (the last date that fuel was sold by WFS to Airlines), the balance owed to WFS was over $9,000,000.00. Adding in 18% annual interest and attorneys' fees on the unpaid debt, the total amount owed to WFS was over $14,000,000.00.

14. In conjunction with the March 2013 purchase of Helicopters, Erickson took out a $20,000,000.00 "Buyer-side Representation and Warranty Insurance

Policy" issued by Darwin Select Insurance Company, now known as Allied World Surplus Lines Insurance Company ("Allied" and the "_Policy_"). Among other things, the Policy covered Helicopters' and Agricultural's obligations under the Continuing Guaranty.

15. In March 2016, WFS commenced litigation by filing a complaint against Helicopters in the United States District Court for the District of Oregon ("_Oregon Litigation_"), alleging that Helicopters had breached its guaranty obligations and seeking to recover amounts owed to WFS. The only defendant in the Oregon Litigation was Helicopters. Success in the Oregon Litigation would allow WFS to recover under the Policy for Helicopters' breach of its guaranty obligations as a judgment creditor of the insured.

16. On September 12, 2016, WFS filed a motion for summary judgment in the Oregon Litigation. Helicopters sought leave to amend its answer to assert counterclaims, which largely mirrored affirmative defenses that Helicopters had raised. Before the Oregon District Court heard that summary judgment motion, and before the Oregon District Court considered whether to grant leave to amend, on November 8, 2016, Helicopters and several of its affiliates filed for bankruptcy protection in the Northern District of Texas (the "_Texas Bankruptcy Proceedings_"), automatically staying the Oregon Litigation against Helicopters.

**B.   The Relationship with Polsinelli**

17. Polsinelli is a national law firm with more than 950 attorneys in 21 offices around the country.  According to Polsinelli's website, its "Bankruptcy and

Restructuring practice is a nationally recognized practice…that has received both statewide ranking for Bankruptcy and Restructuring as well as individual attorney rankings…from *Chambers USA* for multiple years as well as *Best Lawyers* and other rating agencies."[1]

18. WFS has had a relationship with Polsinelli dating back several years whereby Polsinelli has represented WFS in a series of bankruptcy and collections related matters.

19. WFS first engaged the services of Polsinelli as relevant to the claims here on or about August 27, 2015. Under this representation agreement, Polsinelli was to represent WFS's interests in the Delaware Bankruptcy Proceedings. A copy of this engagement agreement is attached as **Exhibit A**.

20. A few months later, WFS retained Polsinelli to represent WFS's interests in the Texas Bankruptcy Proceedings. A copy of this engagement agreement is attached as **Exhibit B**.

21. As part of its representation of WFS in the Texas Bankruptcy Proceedings, Polsinelli prepared and filed a Proof of Claim (Proof of Claim 427) for WFS in order to secure its claim against Helicopters.

22. Yet, instead of filing the claim against Helicopters, Polsinelli filed Proof of Claim 427 in the amount of $14,546,621.92 against "Evergreen Helicopters International, Inc." and "Erickson, Inc." Polsinelli made this error *despite* having all information necessary for it to name the proper party. Indeed, Polsinelli attached the complaint from the Oregon Litigation *and* a copy of the Helicopters Guaranty to

---

[1] https://www.polsinelli.com/services/bankruptcy-and-restructuring.

the Proof of Claim. A copy of Proof of Claim 427 is attached as **Exhibit C**. Nonetheless, Polsinelli inexplicably failed to name Helicopters as one of the debtors. WFS was not aware of Polsinelli's error until much later when several of the debtors brought it to the Texas Bankruptcy Court's attention.

23.    The Texas Bankruptcy Court ultimately confirmed a plan of reorganization that included the appointment of a liquidating trustee, who had the right to object to general unsecured claims.

24.    Polsinelli reached out to the liquidating trustee on WFS's behalf to discuss WFS's claim in order for WFS to proceed in the Oregon Litigation. The trustee then objected to the claim on the basis of pending litigation, but ultimately withdrew that objection.

25.    On July 13, 2018, the court in the Texas Bankruptcy Proceedings granted WFS relief from the automatic stay in order to continue its pursuit of a judgment against Helicopters in the Oregon Litigation.

26.    At the time of the filing of the motion for relief from the stay, the liquidating trustee had withdrawn its objections to Proof of Claim 427 and the claim was deemed allowed by operation of the plan of reorganization. In granting the motion for relief from the stay, the Bankruptcy Court determined that WFS could proceed in Oregon against the debtor as a nominal defendant. The court further held that any judgment secured by WFS could be executed solely against the Policy.

27.    Following the granting of the motion for relief from the automatic stay, WFS returned to Oregon with the expectation that it would be able to obtain, with

minimal expense and effort, a judgment against Helicopters. Much to WFS's surprise, Helicopters did not proceed as a nominal defendant but rather raised various substantive defenses and asserted counterclaims against WFS.

28. Accordingly, WFS was forced to return to the bankruptcy court for further proceedings. Initially, in those proceedings, the court affirmed the allowance of Proof of Claim 427 and held that Helicopters was enjoined from asserting any defenses in the Oregon Litigation to WFS's $14,546,621.92 proof of claim.

**C.   The Resulting Damage**

29. On October 6, 2020, the Debtors in the Texas Bankruptcy Proceedings, including Erickson Helicopters, Inc. and Evergreen Helicopters International, Inc., along with Allied World Assurance Company (collectively, the "*Objectors*"), filed a *Joint Motion for Clarification and/or Amendment of Order on World Fuel's Motion to Enforce Pursuant to 7052 and 9023 and that Appeal Period is Tolled Pursuant to Rule 8002* (the "*Joint Motion*").

30. In the Joint Motion, the Objectors asserted that in evaluating the Bankruptcy Court's enforcement order, they discovered that WFS had filed a claim not against Helicopters but instead against "Evergreen Helicopters International, Inc." and (arguably) "Erickson, Inc."—neither of which were defendants in the Oregon Litigation.

31.  WFS, with its back against the wall, opposed the Joint Motion, arguing, among other things, that WFS timely filed a claim against Helicopters under the "informal proof of claim doctrine," and that the Objectors consented to

Helicopters being the proper obligor under the Proof of Claim pursuant to the "trial by consent doctrine." The Texas Bankruptcy Court rejected these arguments and entered an amended order on February 12, 2021 denying WFS's renewed motion for enforcement of its proof of claim. Thus, Helicopters was allowed to raise any and all affirmative defenses it had in the Oregon Litigation and pursue its counterclaims against WFS.

32.  WFS appealed the Texas Bankruptcy Court's decision to the district court, but the district court upheld the decision. WFS appealed to the United States Fifth Circuit Court of Appeals.

33.  Because Helicopters was now able to raise substantive defenses in the Oregon Litigation (as opposed to being relegated to the role of a nominal defendant), WFS was no longer in the position of being able to secure a routine judgment against Helicopters. Having been stripped of the ability to obtain a judgment against Helicopters with relative ease and certainty on account of Polsinelli's negligence, WFS was forced to negotiate a settlement with Allied from a position of great weakness.[2] Had WFS had a valid proof of claim against Helicopters, it would have been able to secure a judgment in the full amount of its claim and recover that judgment from Allied under the Policy, rather than being forced into a settlement for far less than the full amount of its claim.

---

[2] In connection with the settlement, WFS withdrew its proof of claim in the Texas bankruptcy proceedings, dismissed the Oregon Litigation and withdrew its appeal to the Fifth Circuit.

## COUNT I

## NEGLIGENCE BY ATTORNEY

34. The allegations of Paragraphs 1–33 are hereby re-alleged and incorporated by reference herein.

35. Polsinelli and WFS had an attorney-client relationship.

36. Polsinelli breached the standard of care to act as a reasonably prudent lawyer would have acted under similar circumstances by failing to file a proof of claim for the correct entity.

37. Polsinelli's breach proximately caused WFS's injuries. Having failed to file a proof of claim against the correct entity, Polsinelli created a situation whereby WFS was hamstrung in its ability to obtain a routine judgment against an entity that should have been precluded from raising any affirmative defenses.

38. But for Polsinelli's negligence, WFS would have been able to secure a judgment for the full amount of its claim, including interest and attorneys' fees, in the Oregon Litigation and collected that judgment under the terms of the Allied Policy.

39. Polsinelli's egregious errors in preparing and filing a routine proof of claim ultimately resulted in WFS being forced to abandon its claim under the policy and enter into a less-than-favorable settlement with Allied. WFS has suffered damages in the amount of the difference between the settlement amount and the claim amount, including interest and attorneys' fees.

40.     WFS's cause of action was tolled under *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154 (Tex. 1991), because Polsinelli's negligence occurred in the prosecution of a claim that resulted in litigation.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment:

(a) Finding Defendant liable to Plaintiff for negligence by attorney;

(b) Entering judgment in favor of Plaintiff;

(c) That Plaintiff recover its damages in the amount of $14,546,621.91 plus prejudgment interest, costs and fees; and

(d) Granting Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Brooke C. Bahlinger*

Brooke C. Bahlinger
Texas Bar No. 24116056
FOLEY & LARDNER LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
bbahlinger@foley.com

Peter N. Wang (*pro hac vice* forthcoming)
NY Bar No. 1468032
Douglas S. Heffer (*pro hac vice* forthcoming)
NY Bar No. 4489266
FOLEY & LARDNER LLP
90 Park Avenue

                                            New York, NY 10016
                                            Telephone: (212) 338-3418
                                            Facsimile: (212) 687-2329
                                            dheffer@foley.com